UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL WILLIAMS, | No. 2:18-cv-1305 KJN P |
| Petitioner, | |
| v. | ORDER |
| TIMOTHY FILSON, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2015 conviction on charges of robbery with use of a firearm.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner affirmatively states he presented two claims to the California Supreme Court: "inadmissible evidence; ineffective assistance of counsel." (ECF No. 1 at 3.) However, he identifies the following claims in his federal petition: (1) ineffective assistance of counsel by failing to obtain a ruling on prejudicial photographs and to object more fully to their admission (ECF No. 1 at 8); (2) failure to authenticate evidence; (3) witness allowed to testify outside the scope of his expertise; (4) structural error: the court failed to stipulate to jurors about how it would conduct questions with clarity; (5) the trial court erroneously admitted prejudicial photographic evidence of gang tattoos and firearms denying petitioner due process; (6) ineffective assistance of counsel based on counsel's failure to compel the state to produce the alleged cell phone and to investigate its contents; and (7) excessive sentencing.

////

After reviewing the petition, the court finds that petitioner has failed to exhaust state court remedies as to all of his claims. Accordingly, the petition must be dismissed unless plaintiff is granted a stay to return to state court and exhaust his state court remedies.

If plaintiff seeks to stay this case while he pursues exhaustion of state court remedies, he must file a motion for stay in which he explains the type of stay he seeks. There are two kinds of stays available to a § 2254 petitioner who wishes to exhaust claims in state court: one established by Rhines v. Weber, 544 U.S. 269 (2005), and the other by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

Under the alternative procedure outlined in Kelly, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the petition in question is "mixed," the petitioner seeking a Kelly stay must first dismiss the unexhausted claims from the petition and then seek to add them back after exhausting them in state court. King, 564 F.3d at 1138-39. However, the previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1). King, 564 F.3d at 1140-41.

Overall, a Rhines stay is much harder to get but preserves the federal filing date of the previously unexhausted claims for purposes of the statute of limitations. A Kelly stay is easier to get, but does not provide any protection against newly exhausted claims becoming time-barred

3

during the exhaustion process.  See King, 564 F.3d at 1133.  If plaintiff files a motion for stay under Rhines, he must address each of the three elements delineated above in his motion for stay. Id., 544 U.S. at 277-78.

    Good cause appearing, petitioner will be granted thirty days to file a motion to stay.[2]

    In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the date of this order, petitioner shall file a motion to stay this action to return to state court and exhaust his state court remedies as to his unexhausted claims.  Failure to comply with this order will result in a recommendation that the unexhausted claims be dismissed without prejudice.

Dated:  June 5, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1305.103m

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).