UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL WILLIAMS,

    Petitioner,

v.

TIMOTHY FILSON,

    Respondent.

No. 2:18-cv-1305 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

    Petitioner is a state prisoner housed in the Nevada Department of Corrections, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner challenges his 2015 conviction on charges of robbery with use of a firearm. By order filed June 5, 2018, the undersigned found that the petition was a mixed petition, raising claims that have not been filed in the California Supreme Court, as well as claims that were included in his petition for review. Petitioner was granted leave to file a motion to stay this action while he returns to state court to exhaust any unexhausted claims. On July 13, 2018, petitioner

1

filed a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005), along with a request for appointment of counsel. As discussed below, the undersigned recommends that the motion for stay be denied, and denies the motion for appointment of counsel without prejudice.

The Instant Petition

Petitioner identifies the following claims in his federal petition: (1) ineffective assistance of counsel by failing to obtain a ruling on prejudicial photographs and to object more fully to their admission (ECF No. 1 at 8); (2) failure to authenticate evidence; (3) witness allowed to testify outside the scope of his expertise; (4) structural error: the court failed to stipulate to jurors about how it would conduct questions with clarity; (5) the trial court erroneously admitted prejudicial photographic evidence of gang tattoos and firearms denying petitioner due process; (6) ineffective assistance of counsel based on counsel's failure to compel the state to produce the alleged cell phone and to investigate its contents; and (7) excessive sentencing.

Unexhausted Claims

In his motion for stay, petitioner confirms that his appellate counsel presented two claims to the California Supreme Court: claim (1) ineffective assistance of counsel by failing to obtain a ruling on prejudicial photographs and to more fully object to their admission; and claim (5) the trial court erroneously admitted prejudicial photographic evidence of gang tattoos and firearms denying petitioner due process. (ECF No. 6 at 1.) Thus, petitioner's claims (2), (3), (4), (6) and (7) are unexhausted.

Standards for Motion for Stay

The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted

claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In order to be granted a stay under Rhines, petitioner must meet all three Rhines prongs set forth above. 544 U.S. at 278.

////

////

3

Petitioner's Motion

Here, petitioner claims that he asked his attorney to include all of his claims in the petition for review, but that counsel "didn't feel like they were meritorious or didn't add them out of laziness." (ECF No. 6 at 2-3.) Petitioner requests that this court hold an evidentiary hearing to determine why his attorney failed to add all of petitioner's claims, and argues he should not be penalized for his attorney's mistakes. (ECF No. 6 at 3.) Petitioner contends that all of his claims are meritorious. In support of his motion, petitioner provides copies of letters from his appellate counsel. Appellate counsel first wrote petitioner on October 7, 2015, to advise petitioner of the appointment, and asking him to advise what issues petitioner thought important to raise on appeal, or what might have occurred off the record that concerned petitioner. (ECF No. 6 at 5.) On October 7, 2016, appellate counsel wrote petitioner to discuss whether the photo lineup was unduly suggestive, and advised petitioner that counsel would have twenty days to file a reply brief after the Attorney General filed its brief. (ECF No. 6 at 8.) On May 10, 2017, appellate counsel wrote petitioner to advise him of two possible courses of action appellate counsel had considered but rejected: filing a petition for rehearing in the Court of Appeal; or filing a petition for review in the California Supreme Court. (ECF No. 6 at 9.) Petitioner's appellate counsel advised petitioner that in her opinion, filing a petition in the California Supreme Court "would also be futile." (ECF No. 6 at 9.) Counsel advised petitioner that he could file, if he wished, either a petition for rehearing in the Court of Appeal, or a petition for review in the California Supreme Court. (Id.) Finally, on May 22, 2017, appellate counsel again wrote petitioner to advise there was no reason to file a petition for rehearing in the Court of Appeal, but that if petitioner decided to file a petition for review in the California Supreme Court, such petition must be filed by June 19, 2017. (ECF No. 6 at 7.) Counsel advised petitioner that there was "no need to do further research" because petitioner could use the statements and arguments from the briefs filed in the Court of Appeal. (Id.)

The California Courts website confirms that petitioner's appellate counsel filed a petition for review on June 16, 2017; the petition for review was denied on July 19, 2017. People v.

////

Marcel Williams, No. S242600 (Cal. Sup. Ct.).[1]  No additional petitions have been filed by petitioner Marcel Williams or Marcell Williams in the California appellate courts since July 19, 2017.

Discussion

Petitioner failed to address all three prongs of Rhines.  Instead, petitioner faults appellate counsel for her failure to raise all of the claims petitioner wanted raised in the petition for review.  However, as counsel wrote in her May 10, 2017 letter, appellate counsel noted the three grounds on which she believed the California Supreme Court would grant review, none of which she found applied to petitioner's case, and stated that a petition to the California Supreme Court would be futile.  Such letter raises an inference that once petitioner's appellate counsel did file the petition for review, she raised only those claims she believed had merit.  No evidentiary hearing is required to determine why counsel did not raise such claims.

Rather, the issue here is whether petitioner should be granted a stay in which to now pursue his unexhausted claims in state court.  In his motion for stay, petitioner failed to address his delay in pursuing claims he was aware his appellate counsel did not raise in the petition for review.  Petitioner's lack of access to California case law cannot excuse his failure to provide facts explaining why he failed to earlier pursue his unexhausted claims in state court.  Appellate counsel's letters demonstrate that petitioner was informed by counsel that he could use the briefs filed in the state Court of Appeals to file his own petition in the California Supreme Court.  (ECF No. 6 at 7.)  Appellate counsel's letter also demonstrates that petitioner was aware he could file a petition for writ of habeas corpus in state court.  (ECF No. 6 at 5.)

////

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

In addition, although petitioner spells his first name "Marcell," California appellate court records identify petitioner as "Marcel Williams," as does the Nevada Department of Corrections (ECF No. 2 at 3).

This record demonstrates that petitioner has been dilatory in raising claims (2), (3), (4), (6) and (7). Unlike the prisoner in Wooten, petitioner was aware that appellate counsel had not raised such claims in the petition for review. Despite such awareness, petitioner did not attempt to file a petition for writ of habeas corpus in the state courts. (ECF No. 1 at 3-4.) Petitioner does state that he tried to file for a "stay and abeyance" in the superior court, but it was "returned unfiled because attorneys are the only ones allowed to file pleadings." (ECF No. 6 at 2.) However, the record reflects that petitioner was aware of his ability to file a petition for writ of habeas corpus, and that appellate counsel specifically told him he could file a petition based on the briefs filed in the state Court of Appeals. In addition, petitioner acknowledges his ability to reach out to California Resource Centers for assistance. (ECF No. 6 at 3.)

Petitioner has filed no petitions in the state appellate courts since the California Supreme Court denied the petition for review on July 19, 2017. Thus, petitioner has delayed seeking relief for over a year. Thus, petitioner cannot avail himself of relief under Pace, because petitioner has not been diligently pursuing state post-conviction relief, and was not reasonably confused as to whether his petition would be timely. Such inactivity on petitioner's part is intentionally dilatory under Rhines.

The court has considered whether petitioner's lack of counsel following the denial of the petition for review demonstrates good cause. A prisoner who appeared pro se in state postconviction proceedings has good cause for failure to exhaust because he could not be expected to "understand the technical requirements of exhaustion." See Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017). But Dixon does not apply and good cause is lacking when a pro se prisoner has not filed any state habeas petitions, particularly when there is evidence that the prisoner has not been expeditious in seeking relief. See Sangurima v. Montgomery, 2017 WL 7371168, at *7-8 (C.D. Cal. Dec. 12, 2017) (no good cause for Rhines stay when petitioner had not filed any state habeas petition and moved for stay only in response to federal order to show cause), accepted by 2018 WL 740894 (C.D. Cal. Feb. 5, 2018); Stacy v. Gastelo, 2018 WL 1750622, at *2 (C.D. Cal. Feb. 20, 2018), adopted, 2018 WL 1750554 (C.D. Cal. Apr. 10, 2018) (same).

Here, petitioner did not act pro se in any state postconviction proceeding; indeed, no state postconviction proceeding was filed. The petition demonstrates that petitioner was aware he had not exhausted his additional claims because he only listed two claims included in the petition filed in the California Supreme Court (ECF No. 1 at 4), and the form petition alerts petitioner that he must "first exhaust your state court remedies as to each ground on which you request action by the federal court." (ECF No. 1 at 5.) In addition, like the prisoner in Sangurima, petitioner filed no state habeas petitions and only moved for a stay in response to this court's June 5, 2018 order. Petitioner fails to show good cause for his request for stay.

For all of the above reasons, the undersigned finds that petitioner has failed to meet the first and third prongs of Rhines, and therefore is not entitled to a stay.[2]

Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this case; and

3. Petitioner's request for appointment of counsel (ECF No. 6) is denied without prejudice.

IT IS RECOMMENDED that petitioner's motion for stay be denied, and petitioner be ordered to file an amended petition raising only his exhausted claims (1) and (5) within thirty days.

---

[2] As noted above, petitioner is required to meet all three prongs of Rhines. Because petitioner fails to meet two prongs of Rhines, the undersigned declines to address the merits of petitioner's unexhausted claims.

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1305.stayd