UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL WILLIAMS,<br><br>                    Petitioner,<br><br>        v.<br><br>TIMOTHY FILSON,<br><br>                    Respondent. | No. 2:18-cv-1305 KJM KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, renews his request for the appointment of counsel.

Background

Petitioner challenges his 2015 Sacramento County conviction for second degree robbery, but subsequently sustained convictions in the State of Nevada, and was committed to the Nevada State Prison on May 14, 2014, from which he filed the instant petition. (ECF Nos 1 at 1; 23-1 at 170, 177.) Petitioner filed the instant petition on May 21, 2018, from Ely State Prison, Nevada, and, following the filing of petitioner's second amended petition, respondent filed an answer on June 11, 2019. Petitioner was granted sixty days from August 5, 2019, in which to file his traverse. His extension of time expired on October 4, 2019, and petitioner did not file a traverse.

On April 7, 2020, the court took notice of petitioner's different address reflected on his request for status, and changed his address of record to the Southern Desert Correctional Center

1   in Indian Springs, Nevada.  (See ECF No. 26.)

2   　　　On December 29, 2020, petitioner renewed his motion for appointment of counsel,

3   claiming that newly-obtained evidence warranted such appointment.  Specifically, petitioner

4   claims he needs to access California law and procedures, and the law library at the prison in

5   which he is housed (Ely State Prison, Nevada) does not carry any, and refuses to obtain them.

6   (ECF No. 27 at 1.)[1]

7   　　　Appointment of Counsel

8   　　　There currently exists no absolute right to appointment of counsel in habeas proceedings.

9   See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A

10  authorizes the appointment of counsel at any stage of the case "if the interests of justice so

11  require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

12  　　　Discussion

13  　　　Petitioner's motion is based on his alleged need to access California law and procedures,

14  which he claims are not available in the Nevada prison where he is presently housed.  However,

15  petitioner's traverse was due on or before October 4, 2019.  Petitioner did not file a second

16  request for extension of time in which to file his traverse, either timely or otherwise.  Indeed, the

17  instant motion was signed on December 23, 2020, over fourteen and a half months after

18  petitioner's deadline expired.  Also, the filing of a traverse or reply is not required, and the failure

19  to file a reply does not disqualify a deserving petitioner from obtaining habeas corpus relief.  See

20  Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254 ("The petitioner **may** submit a

21  reply to the respondent's answer. . . .) (emphasis added); Lee v. Hedgpeth, 2009 WL 25021144, at

22  *1 (E.D. Cal. 2009) ("Petitioner was not required to file a traverse or reply brief.  The failure to

23  do so did not necessarily prejudice petitioner.").

24  ////

---

[1] Petitioner did not file a separate change of address.  It is the petitioner's responsibility to keep the court apprised of his current address at all times, by filing a separate notice of change of address.  Local Rule 182(f).  However, because it is clear that petitioner's address has changed, the Clerk is directed to change petitioner's address of record.  Petitioner is cautioned that absent the filing of a separate change of address notice, service of documents at petitioner's address of record is fully effective.  Id.

   Moreover, the documents appended to the instant motion address grievances and responses dated from February to September, 2018.  Petitioner fails to demonstrate how grievances from 2018 constitutes newly-discovered evidence.

   For all of these reasons, the undersigned does not find that interests of justice require the appointment of counsel at this time.  Thus, petitioner's motion is denied.

   Petitioner's deadline for filing a traverse or reply has expired, and this habeas action is submitted for decision.  As long as petitioner keeps the court apprised of his current address, he will be provided a copy of the court's decision when issued.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Petitioner's motion for appointment of counsel (ECF No. 27) is denied without prejudice.

   2. The Clerk of the Court is directed to change petitioner's address of record as noted in his December 29, 2020 filing.

Dated:  February 16, 2021

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will1305.110