UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL WILLIAMS, | No. 2:18-cv-1305 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| TIMOTHY FILSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 3, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. After receiving extensions of time, petitioner filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately to explain why it does not sustain petitioner's objections.

Petitioner argues his defense attorney provided ineffective assistance because he did not move to suppress evidence obtained from a cell phone seized and searched without a warrant.

*See, e.g.*, Objections at 4 ("[If] defense counsel had filed a motion to suppress the photos taken from cell phone due to a 4th and 5th Amendment violation due to the fact the search of the cell phone was unreasonable the state would not ha[ve] been allowed to introduce the photos as evidence to [the] jury. . . . By filing a motion in limine and not the motion to suppress the state was still allowed to introduce the illegally obtained cell phone photos."). No evidence shows petitioner exhausted this claim before filing a federal petition for a writ of habeas corpus, so he cannot obtain federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). The unlawful-search theory he pursues in his objections is also absent from the petitions he has filed in this court. *See generally, e.g.*, Second Am. Pet., ECF No. 15.

Even if petitioner had exhausted and then asserted an ineffective assistance claim based on an unlawful-search theory, it would not have succeeded. To obtain relief, petitioner would need to show, among other things, that his trial attorney's assistance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Petitioner's trial counsel pursued the reasonable position that the government could not connect the seized phone to petitioner. *See, e.g.*, Trial Tr. (Feb. 19, 2015), Lodged Document No. 3, ECF No. 23-3 ("The phone is not admissible and he did not have a cell phone."). Counsel could not have advanced this theory and simultaneously moved to suppress the phone's contents as the fruits of an unconstitutional search. *See, e.g.*, *United States v. Padilla*, 111 F.3d 685, 687 (9th Cir. 1997) ("[A defendant] must show that [his] own expectations of privacy or property interests were violated by the challenged police conduct in order to have standing to contest an unreasonable search." (citation and quotation marks omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 3, 2021, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is denied;

4. The clerk of court is directed to close this case; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: May 23, 2022.

CHIEF UNITED STATES DISTRICT JUDGE